IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SONYA JENEEN CHAVEZ,

    Plaintiff,

v.                                        Civ. No. 18-625 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social*
*Security Administration*,

    Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1)(A), With Supporting Memorandum. *Doc. 27*. Plaintiff seeks an award of $10,000.00 in attorney's fees. *Id.* at 1. The Commissioner takes no position on Plaintiff's request. *Id.* at 5. Having reviewed the motion and being otherwise fully advised in the premises, the Court finds the motion well-taken and GRANTS it.

### I.  BACKGROUND

Plaintiff filed her initial application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on December 1, 2014, alleging disability beginning July 18, 2012. *See* Administrative Record ("AR") at 25. After the Administrative Law Judge ("ALJ") and Social Security Appeals Council denied Plaintiff

benefits on December 27, 2017, and May 8, 2018, respectively, AR at 1, 22, Plaintiff filed suit in this Court on July 2, 2018. *Doc. 1*. The Court granted Defendant's Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (*doc. 21*) on March 27, 2019. *Doc. 22*. The Court also granted the parties' joint motion for an award of $6,000.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on June 6, 2019. *Doc. 25*. On March 20, 2023, the SSA awarded Plaintiff past-due benefits totaling $148,710.00, of which $37,117.50 was withheld by the agency for the purpose of paying attorney fees. *Doc. 27* at 3; *doc. 27-2* at 4.

In the present motion, Plaintiff asks the Court to award Plaintiff's attorney, Francesca J. MacDowell, a fee of $10,000.00, which is less than 7% of Plaintiff's total past-due benefits. *Doc. 27* at 3. Ms. MacDowell represented Plaintiff before this Court during Plaintiff's appeal from the SSA decisions. *Id*.

**II.   STANDARD OF REVIEW**

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[1] Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006). Fees for representation at administrative proceedings are governed by §

---

[1] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Plaintiff's attorney has indicated that she will refund the EAJA award in this case to Plaintiff if the Court grants the Plaintiff's motion for attorney fees under § 406(b). *Doc. 27* at 4.

406(a), while § 406(b) governs fees for representation in court.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794-95 (2002).  "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court."  *McGraw*, 450 F.3d at 498.

Fee awards under § 406(b) are governed by two conditions: a 25 percent cap and a reasonableness standard.  First, the Court may not award fees "in excess of 25 percent of the total of the past-due benefits" owed to Plaintiff as a result of the favorable judgment by the SSA.  42 U.S.C. § 406(b)(1)(A).  This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."  *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).  Second, the Court may only award fees which are "reasonable."  42 U.S.C. § 406(b)(1)(A).  Plaintiff's attorney has the burden of showing "that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807.  Although the standard for fee awards under § 406(b) "does not displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases."  *Id.*

A Court's reasonableness determination of a fee award is "based on the character of the representation and the results the representative achieved."  *Id*. at 808 (citation omitted).  In making such a determination, a court may consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible

3

for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case such that a large award would create a "windfall" for the attorney. *Id.* (citations omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

## III.   ANALYSIS

The Court finds that the requested fee award meets the requirements of § 406(b)(1)(A).  First, the requested award is approximately 7 percent of Plaintiff's past-due benefits, a value which is well below the 25 percent threshold imposed by § 406(b). Second, the Court finds the requested fee award to be reasonable under the *Gisbrecht* factors.  Ms. MacDowell's representation of Plaintiff was not substandard.  She obtained a favorable outcome for Plaintiff before this Court which ultimately led to an award of past-due benefits for Plaintiff of $148,710.00. *See doc. 27* at 3; *doc. 27-2* at 4.  Further, Ms. MacDowell did not cause an unreasonable delay in the resolution of this case given that she only requested two one-month briefing extensions. *See docs. 15*, *17*.

Finally, Ms. MacDowell's requested fee award is not disproportionately large in comparison to the amount of time that she spent on the case.  Ms. MacDowell requests $10,000.00 for 31.75 hours, which equals an hourly rate of approximately $315.00. *Doc. 27* at 3-4.  The number of hours that Ms. MacDowell spent on this proceeding is slightly high considering that the motion was not opposed, and she did not need to brief it fully. However, assuming that Ms. MacDowell was required to fully brief the motion, the

4

number of hours that she spent on this proceeding would still likely fall within the typical 20-40 hour range seen in this Circuit.  *See Martinez v. Colvin*, 1:15-cv-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (collecting cases).  In addition, Ms. MacDowell's requested hourly rate is significantly below the rates often awarded in this district, s*ee Quezada v. Saul*, No. 1:17-CV-01163-LF, 2019 WL 7293402, at *4 (D.N.M. Dec. 30, 2019) (awarding fees commensurate with a rate of $690 per hour and citing cases awarding fees commensurate with rates of $645 to $700 per hour).  As a result, the Court finds that Ms. MacDowell's requested fee award is eminently reasonable in comparison to the amount of time she spent on the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion (*doc. 27*) is GRANTED. The Court hereby authorizes an award of $10,000.00 in attorney fees, to be paid to Plaintiff's attorney by the Commissioner from the funds withheld for this purpose.  The Court further ORDERS that Plaintiff's attorney reimburse Plaintiff the EAJA award ($6,000.00) pursuant to *Weakley v. Bowen.*  803 F.2d at 580.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**